### J. J. YOUNG v. THE STATE.

#### No. 3041.   Decided December 17, 1904.

**Theft of a Horse—Evidence Insufficient to Sustain Conviction—Facts Stated.**

Where the evidence showed that there was nothing clandestine or concealed in appellant's taking of the horse alleged to have been stolen, and that it was done under an avowed claim of ownership, there is a lack of proof of a fraudulent taking and the conviction must be set aside. Following Seymour v. State, ·12 Texas Crim. App., 391.

Appeal from the District Court of Hamilton.   Tried below before Hon. N. R. Lindsey.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

·*Main & Chesley* and *A. R. Eidson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of a horse, and his punishment assessed at confinement in the penitentiary for two years; hence this appeal.

In the view we take of this case there is only one question necessary to be considered; that is, whether the evidence sustains the verdict of the jury.   The animal in question appears to have been an estray—a certain gray mare running in the neighborhood, in the Felt pasture as well as in appellant's pasture, and in other pastures, for a number of years.   There is evidence to the effect that appellant had claimed the animal for a number of years.   ·The State, however, showed by its testimony that the said animal was regarded as an estray, and the witnesses

knew of no claim by appellant to said animal prior to its estrayal by Claude West. However, several stated that they knew of his claim to the animal a short while before it was estrayed. There was a good deal of testimony pro and con with reference to whether the particular animal in question was the one to which appellant had any claim—the State's evidence showing it was another and different animal than the one in controversy which he claimed; and his testimony showing the animal estrayed was the animal which he owned and claimed. There was nothing clandestine or concealed in appellant's taking possession of the animal. He appears to have been absent from the neighborhood at the time West undertook to estray her, but on his return, in company with another party, in broad daylight he went to the Felt pasture, opened the gate and turned her out, whether he placed her in his own pasture or not is not clear. At any rate, she was afterwards found in his pasture, which was near the West pasture. There was no attempt to run her off or secrete her. She appears to have run in the range as formerly. This animal may not belong to appellant, and his claim might not prevail in a civil suit; but, as shown by this record, his claim of right would be strongly supported in a civil suit. It is not every taking which constitutes theft. Our statute has wisely provided that there must be a fraudulent taking. Of course, that fraudulent taking depends on circumstances. But we fail to see in this record any circumstance to indicate a fraudulent taking on the part of appellant. If the animal in question was not his mare, West had a right to proceed with his estraying of the animal, and the right of property could have been very easily tested in a civil suit. But as we view this record, there is no ground for a criminal prosecution. Seymour v. State, 12 Texas Crim. App., 391. The judgment is reversed and the cause remanded.

*Reversed and remanded.*